## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| JUDITH D. WALLS, et al., | ] |
| Plaintiffs, | ] |
| vs. | ] CV-99-N-2032-W |
| ALPHARMA, et al., | ] |
| Defendants. | ] |



**ENTERED**
**JUL 1 0 2001**

### MEMORANDUM OF OPINION

### I. Introduction.

This case is before the court on defendants CVS Pharmacy Inc., CVS Corporation, CVS Revco D.S., Inc., and Revco D.S., Inc.'s ("Revco") Motion for Summary Judgment [Doc. 73]. The motion has been fully briefed and is ripe for decision. Upon due consideration, the motion is due to be denied in part and granted in part. Additionally, the parties shall file a submission, no later than July 31, 2001, addressing the possibility of the Court certifying a question to the Alabama Supreme Court, as described below.

### II. Statement of Facts.[1]

Judith Walls ("Ms. Walls") was pregnant in 1986 when she was treated by Dr. Cynthia Lucy ("Dr. Lucy"), a dermatologist. Walls and her husband, Alan Adams ("Mr. Adams") were treated by Dr. Lucy for scabies. Dr. Lucy wrote a prescription for Mr. Adams for Lindane lotion. According to Ms. Walls's testimony, she had the prescription filled at a

---

[1] The facts set out below are gleaned from the parties' submission of facts claimed to be undisputed. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator United States Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994).



Revco pharmacy. Although the prescription was for her husband, Ms. Walls assisted her husband in applying the lotion to parts of his body that he could not reach. Apparently, at some later time, whatever treatment Dr. Lucy prescribed or directed for Ms. Walls was not working, so Dr. Lucy told Ms. Walls to use her husband's Lindane lotion. Ms. Walls did use the Lindane lotion prescribed to her husband. On January 21, 1987, Ms. Walls gave birth to Brittany Adams ("Brittany"), who suffers from numerous medical conditions. Ms. Walls alleges Brittany's medical conditions are a result of her use of Lindane during the pregnancy.

Plaintiffs, Ms. Walls and Brittany, allege Revco negligently and wantonly placed a defective and unreasonably dangerous product, Lindane, into the stream of commerce and failed to provide adequate warnings of the risks associated with the use of Lindane and failed to issue notice or recall regarding the alleged hazard.

### III.  Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The

movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. There is no requirement, however, "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323.

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party need not present evidence in a form necessary for admission at trial; however, he may not merely rest on his pleadings. *Id.* at 324. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

After the plaintiff has properly responded to a proper motion for summary judgment, the court must grant the motion if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's

3

function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. His guide is the same standard necessary to direct a verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52; *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983) (indicating the standard for summary judgment is "[s]ubstantively . . . very close" to that for motions for directed verdict). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989).

Furthermore, the court must "view the evidence presented through the prism of the substantive evidentiary burden," so there must be sufficient evidence on which the jury could reasonably find for the plaintiff. *Anderson*, 477 U.S. at 254; *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). Nevertheless, credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are functions of the jury, and, therefore, "[t]he evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255. The nonmovant need not be given the benefit of every inference but only of every reasonable inference. *Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## IV. Discussion

Revco contends that plaintiffs' claims are barred by statute of limitations included in the Alabama Medical Liability Act of 1987. Under the statute, "in the case of a minor under four years of age, such minor shall have until his eighth birthday to commence such action." Ala. Code § 6-5-482(b) (2001). The plaintiff commenced this action on August 5, 1999, when Brittany was 12 years old. Therefore, if the AMLA applies to this case, the plaintiffs' claims are time-barred.

Before examining the substance of the parties' arguments, the court must clarify which version of the AMLA applies in this case. The conduct giving rise to this lawsuit occurred in 1986, and a new version of the Alabama Medical Liability Act was passed in 1987, which applies to actions accruing after June 11, 1987. Ala. Code § 6-5-552 (2001). Therefore, the court must look to the law prior to the passage of the 1987 Act.

Revco maintains the defendant is an "other healthcare provider" to which the AMLA applies as defined by the Act. This is true according to recent interpretations of the present law by the Alabama Supreme Court; pharmacists and operators of pharmacies are healthcare providers under the Act. *Cackowski v. Wal-Mart*, 767 So. 2d 319, 324-25 (Ala. 2000) (pharmacists); *Ex parte Rite Aid of Ala., Inc.*, 768 So. 2d 960 (2000) (operators of pharmacies). However, even though Revco is considered a healthcare provider under the current Act, which is intended to be construed as consistent with the previous Act, the AMLA still does not apply. As plaintiffs correctly point out, a patient/healthcare provider *relationship* must exist for the AMLA to apply. *See, e.g., Thomasson v. Diethelm*, 457 So. 2d 397 (Ala. 1984). It appears this sort of relationship could exist with a pharmacist or

5

pharmacy, as exemplified in *Cackowski* or *Rite Aid*. In those cases, a pharmacist incorrectly filled a prescription for the plaintiffs. In this case, however, the pharmacy had no such relationship with Brittany, and may not have had such a relationship with Ms. Walls. The pharmacy filled a prescription for Mr. Adams only, although Ms. Walls later used the Lindane lotion. Therefore, as far as Brittany is concerned, the Act does not apply to the claims brought by Ms. Walls on her behalf, so these claims are not time-barred.[2]

Ms. Wall's individual claims, however, are time-barred. Whether the AMLA or the Alabama Extended Manufacturer's Liability Act ("AEMLD") applies, she is barred by a two-year statute of limitations period. Ala. Code § 6-5-482 (2001) (AMLA); Ala. Code § 6-2-38 (2001) (AEMLD). Accordingly, summary judgment is granted as to her individual claims.

Revco makes one further argument. In Revco's reply brief, it argues that if the Court finds the statute of limitations in the AMLA does not apply in this case, it must find Revco has no duty to the plaintiffs because the Lindane prescription was for Mr. Adams, not Ms. Walls or Brittany. The Court finds that this argument may present a key issue in the case, and one which is not addressed by Alabama law. Specifically, the Court is concerned as to whether Revco had a duty to Brittany, considering pharmacists may have no duty to warn and Brittany was not the known recipient of the prescription. Therefore, the Court orders plaintiff and Revco to confer and either file a joint proposed certified question, or file

---

[2] Brittany's claims under the AEMLD are not time-barred because the statute of limitations is tolled by disability. Ala. Code § 6-2-8 (2001). Brittany has until her 20th birthday to file suit. *Id.*

6

separate submissions[3] stating their position as to whether this Court should certify a question.

An appropriate judgment will be entered with this memorandum of opinion.

Done, this ___9th___ of July, 2001.

EDWIN L. NELSON<br>
UNITED STATES DISTRICT JUDGE

---

[3] Obviously, if it is necessary for the parties to file separate submissions, there is a disagreement as to whether this Court should certify a question or what that question should be.