FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

04 JUN 24 PH 3: 05

U.S. DISTRICT COURT
N.D OF ALABAMA

ENTERED

JUN 2 4 2004

JUDITH D. WALLS, ET AL.,            ]
                                    ]
        Plaintiff(s),               ]
                                    ]
    vs.                             ] CV-99-CO-02032-W
                                    ]
ALPHARMA USPD, INC., ET AL.,        ]
                                    ]
        Defendant(s).               ]

MEMORANDUM OF OPINION

I.    INTRODUCTION.

The Court has for consideration the Motions for Summary Judgment,

filed April 9, 2001, and November 1, 2001, by Defendants CVS Pharmacy,

Inc., CVS Revco D.S., Inc., and Revco D.S., Inc. (hereinafter jointly,

"Revco") [Docs. # 73 & # 101] as well as an Amended Motion for Summary

Judgment and/or Judgment as a Matter of Law filed by Revco June 8, 2004.

[Doc. # 132].   Revco contends summary judgment is due to be granted

because of the application of the "learned-intermediary doctrine."[1]

_____

[1]Revco asserts other grounds as well but the court will reserve ruling on the
remaining grounds as it finds the application of the learned intermediary doctrine will
dispose of the pending claims against Revco.

140

Plaintiffs insist that the learned -intermediary doctrine does not apply to the facts of this case.

The issues have been fully briefed and are ripe for the court's consideration.  The motions are due to be granted.

II.    FACTS.[2]

In 1986, Ms. Judith Walls and her husband, Alan Adams, were treated for scabies by Dr. Cynthia Lucy.  On July 10, 1986, Dr. Lucy prescribed Lindane lotion for Mr. Adams, but prescribed a different treatment for Ms. Walls, who was pregnant.  The prescription for Lindane lotion was filled at a Revco pharmacy.  According to Ms. Walls, on July 10, 1986, she applied Lindane lotion to areas of her husband's body that he could not reach.  In applying the lotion, she used her bare hands.  On July 16, 1986, when Ms. Walls informed Dr. Lucy that her treatment was not working, Dr. Lucy directed Ms. Walls to use the Lindane lotion that had been prescribed and obtained for Ms. Wall's husband.   As directed by Dr. Lucy, Ms. Walls used the Lindane lotion prescribed to her husband. On January 21, 1987, Ms.

_____

[2]The facts relevant to the consideration of the issues discussed in this opinion are not in dispute.

Walls gave birth to Brittany Adams, who suffers from numerous medical conditions. Ms. Walls claims Brittany's medical problems were caused by Ms. Walls' use of Lindane lotion during the pregnancy.

Ms. Walls contends she was exposed to Lindane lotion on July 10, 1986, while applying the lotion to her husband and also when she applied it to herself as directed by Dr. Lucy beginning on July 16, 1986.   Revco is the pharmacy that sold the Lindane lotion.

Plaintiffs allege that Revco negligently and wantonly placed a defective and unreasonably dangerous product, Lindane, into the stream of commerce and failed to provide adequate warnings of the risks associated with Lindane and failed to issue notice or recall regarding the alleged hazard. Revco claims a pharmacy's duty is limited to accurately filling the prescription as provided by a physician and that the physician, as a learned intermediary, is the conduit for providing the manufacturer's warnings to the patient. They further argue that any duty to warn does not extend to the fetus of the wife of the pharmacy's customer whose prescription was filled by the pharmacy.

In an effort to resolve certain of the issues pending in the motions for summary judgment, the court certified two questions to the Alabama Supreme Court. The Alabama Supreme Court accepted and answered the questions.  The questions posed to the Alabama Supreme Court were as follows:

> A. Does a pharmacist have a duty to warn of foreseeable injuries from the use of the prescription drug he/she is dispensing under AEMLD [Alabama Extended Manufacturer's Liability Doctrine], common-law negligence or other Alabama law?
>
> B. If so, is the duty to provide adequate warnings limited to possible injuries to the pharmacy's customer or does it extend to third-parties whose injuries are reasonably foreseeable at the time the prescription is filled?

The Alabama Supreme Court answered these questions in an opinion it issued on March 5, 2004. *Walls v. Alpharma USPD, Inc.,* 2004 WL 406759, at *4 (Ala. March 5, 2004).

III.   SUMMARY JUDGMENT STANDARD.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the

nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.   DISCUSSION.

The claims that Brittany Adams now has pending against Revco are under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) and common-law negligence.[3]  Specifically, Plaintiffs claim that Revco had a duty under both AEMLD and common-law negligence to warn Ms. Walls of the risks to her and her unborn child inherent in using Lindane lotion.

In answering this court's certified questions, the Alabama Supreme Court held that there was no duty owed by a pharmacist to warn of foreseeable injuries from the use of a prescription drug the pharmacist dispenses under AEMLD, common-law negligence, or any other Alabama law.[4]   Plaintiffs acknowledge that the opinion bars their claims if the

---

[3]The court dismissed Brittany Adams' other claims as well as the claims made individually by Ms. Walls in an order dated July 10, 2001.

[4]In response to this exact question, the Alabama Supreme Court stated "both questions certified to us are answered in the negative." *Walls* 2004 WL 406759, at *12.

learned intermediary doctrine applies to the facts of this case.  Plaintiffs do not, however, agree that the doctrine applies to this case.

Plaintiffs contend that the doctrine does not apply because Ms. Walls had not been prescribed Lindane when she was first exposed to it. Plaintiffs' argument is apparently that because the Lindane was prescribed for Ms. Wall's husband and not her, Dr. Lucy did not warn her of the risks to her and her unborn child.  The argument then is that since she was not the one prescribed the medicine and thus not warned of the risks before she applied the Lindane to her husband, the claims, to the extent they are based on the July 10, 1986, exposure, would not be barred by the learned intermediary doctrine.

Plaintiffs assert that Revco had a duty to warn of the risks associated with foreseeable non-prescribed exposure to the drug even though it may have had no duty to warn of those risks inherent with prescribed usage of the drug.  This position ignores the reality that products, such as medicine that cannot be obtained without a prescription, are highly regulated and are treated differently from ordinary products sold to the public.

As explained by the Alabama Supreme Court:

> In cases involving complex products, such as those in which pharmaceutical companies are selling prescription drugs, the learned intermediary doctrine applies. Under the learned intermediary doctrine, a manufacturer's duty to warn is limited to an obligation to advise the prescribing physician of any potential dangers that may result from the use of its product. <u>This standard is 'an understandable exception to the Restatement's general rule that one who markets goods must warn foreseeable ultimate users of dangers inherent in his products</u>.' As such, we rely on the expertise of the physician intermediary to bridge the gap in special cases where the product and related warning are sufficiently complex so as not to be fully appreciated by the consumer. . . . 'Under the "learned intermediary doctrine" the adequacy of [the defendant's] warning is measured by its effect on the physician, . . . to whom it owed a duty to warn, and not by its effect on [the consumer].' *Toole v. Baxter Healthcare Corp.*, 235 F. 3d 1307, 1313-14 (11th Cir. 2000).

*Walls*, 2004 WL 406759, at *2 (emphasis in original).

Plaintiffs also contend that the learned intermediary doctrine is inapplicable to this case due to the fact that when Brittany Adams was exposed to the substance and thus injured, she was in utero. In other words, Plaintiffs insist that a doctor-patient relationship is required before

the learned intermediary doctrine is applicable.  Plaintiffs conclude that since Brittany Adams was incapable of consent, no doctor-patient relationship could have existed and thus the learned intermediary doctrine does not apply. [Br. Opp'n at 4].

The difficulty with this reasoning is that it ignores the clear language of the Alabama Supreme Court.

> The learned-intermediary doctrine forecloses any duty upon a pharmacist filling a physician's prescription, valid and regular on its face, to warn the physician's patient, the pharmacist's customer, or any other ultimate consumer of the risks or potential side effects of the prescribed medication except insofar as the prescription orders, or an applicable statute or regulation expressly requires, that an instruction or warning be included on the label of the dispensed medication or be otherwise delivered."

*Walls,* 2004 WL 406759, at *5 (emphasis supplied).

Plaintiffs do not contest that the "prescription [was] valid and regular on its face."  They also are satisfied that there was no "applicable statute or regulation expressly requiring that an instruction or warning be included on the label of the [Lindane lotion]" when it was sold by Revco.  Finally, " . . .  Brittany was indisputably an ultimate user or consumer of the Lindane . . . ." [Br. Opp'n at 13].  Thus, following the clear language of the

Alabama Supreme Court, "[t]he learned-intermediary doctrine foreclosed any duty upon [Revco] . . . to warn the [plaintiffs] of the risks or potential side effects of [Lindane] . . . ."

V.    CONCLUSION.

Revco's motion for summary judgment will be granted as to all of Plaintiffs' claims against Revco.  A separate order in conformity with this opinion will be entered.

Done, this 24th of June, 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE